### In re **COUP.**
No. 64-450.

Florida Industrial Commission.
Unemployment Compensation Board of Review.

September 15, 1964.

Patrick A. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Florida Unemployment Compensation Board of Review — A. WORLEY BROWN, Chairman, WALTER L. LIGHTSEY, Member, STIRLING TURNER, Member.

This cause came on for final administrative disposition by the board of review at Tallahassee, on August 26, 1964, on claimant's appeal as of right, and was reviewed upon the record.

*Nature of previous decision:* The appeals referee modified a determination by the claims examiner which had disqualified the claimant for benefits because she voluntarily left her employment

without good cause attributable to the employer, and held that the claimant was discharged by the employer for misconduct connected with work, and noncharged the employment record of the employer.

*Findings of fact:* The claimant is 44 years of age with considerable experience in the banking business. In April, 1959, she began employment in the bookkeeping department of a bank operated by the employer. Ultimately, she became the head teller. In that capacity she had a high level of responsibility. She was basically responsible for cash going in and out of the bank vault. It was her duty to periodically audit the vault and transship money to other banks. The claimant audited the vault on April 1, 1964. It was in balance. On April 15, 1964, the claimant audited the vault in preparation of transshipping cash to an associate bank. A $1,000 shortage was discovered. Investigation revealed that the shortage had occurred on April 3, 1964, in a transaction handled by the claimant. The claimant had cashed checks and filled a payroll order for a customer. In handling the transaction she had given the customer $1,000 too much. The missing money was composed of one thousand one dollar bills. Such denomination is bound in twenty five bills to a package and rebound in four packages to a bundle. The loss represented ten bundles of $100 each. Because of the number of the bundles involved together with the overall transaction being relatively low, this is a type of loss that can result only from carelessness. On April 24, 1964, the claimant was given an opportunity to resign rather than have her records reflect a discharge. She accepted and her services were terminated. A federal agency later recovered the money from the customer.

Claimant voluntarily left her employment without good cause attributable to the employer, and the employment record of the employer is properly noncharged with any benefit payments made to claimant.

*Reasons for decision:* The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if he is discharged by the employer for misconduct connected with work, or if he voluntarily leaves his employment without good cause attributable to the employer. The law also provides that the employment record of an employer may be relieved of benefit charges if the individual separates from employment under either of these conditions.

An individual who voluntarily leaves his employment to avoid a discharge for misconduct connected with work does so without good cause. The record and evidence in this case clearly show that claimant was given the alternative of resigning or being dis-

charged for cause. Claimant elected to resign to avoid the discharge for misconduct connected with work.

We can only conclude from the record and evidence that claimant voluntarily left her employment without good cause attributable to the employer. Since claimant left her job without good cause attributable to the employer, the employment record of the employer is properly noncharged.

*Decision:* The decision of the appeals referee is reversed. The determination of the claims examiner which disqualified claimant for benefits for the week ending April 25, 1964, plus the five immediately following weeks and until she has become reemployed and earned at least $330, because she voluntarily left her employment without good cause attributable to the employer, is reinstated and affirmed. The employment record of the employer is properly noncharged.